

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2005

# Grecco v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3320

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Grecco v. Williamson" (2005). *2005 Decisions.* Paper 356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-3320

ALAN GRECCO,
Appellant

vs.

TROY WILLIAMSON, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00852)
District Judge: Honorable Yvette Kane

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2005
Before:   SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Filed: October 24, 2005)

_____

OPINION

_____

PER CURIAM.

Alan Grecco, a federal prisoner, appeals the order of the District Court for

the Middle District of Pennsylvania denying habeas relief under 28 U.S.C. § 2241.

Grecco filed a § 2241 petition in April 2005, attacking the validity of his

1

1991 conviction in the District of New Jersey. He claims that <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), applies retroactively to cases like his on collateral review, that § 2255 relief is an inadequate or ineffective remedy to challenge his sentence, and that under <u>Booker</u> he is actually innocent. The District Court denied the § 2241 petition, holding that § 2255 was not inadequate or ineffective merely because Grecco was unsuccessful with regard to an earlier § 2255 motion he filed in 1997. The District Court determined that because Grecco had not yet presented his claims in a § 2255 motion, seeking § 2241 relief on these claims in the district of confinement was inappropriate. The District Court found that because Grecco had filed a § 2255 motion in 1997, his only avenue for pursuing the <u>Booker</u> claim was through an application to this Court for leave to file a second § 2255 motion. Grecco timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is de novo. <u>See</u> <u>United States v. Cleary</u>, 46 F.3d 307, 309-10 (3d Cir. 1995).

A collateral attack upon a federal conviction and sentence raised outside the sentencing court via 28 U.S.C. § 2241 must be rejected "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. § 2255.

As the District Court explained, Grecco's claims challenging the judgment

and sentence are properly raised in a motion to vacate sentence under 28 U.S.C. § 2255, not a petition for writ of habeas corpus under § 2241. Moreover, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief or because recent amendments to § 2255 have made it more difficult to pursue successive motions. Because Grecco is challenging his judgment and commitment, and because the current petition would be considered a second or successive such challenge under § 2255, he must apply for permission to file another § 2255 motion with this Court.

For these reasons, we conclude that the District Court correctly denied Grecco's § 2241 petition. Accordingly, because this appeal presents "no substantial question," we will grant the appellees motion for summary affirmance and affirm the order of the District Court. See 3d Cir. LAR 27.4 and I.O.P. 10.6. Grecco's motion for summary reversal is denied.